ROBERT W. CARPENTER, Appellant-Respondent, v CITY OF PLATTSBURGH, Respondent-Appellant, and WILLIAM PEARSALL et al., Respondents, et al., Defendants.

Third Department, January 3, 1985

## APPEARANCES OF COUNSEL

*O'Connell & Wolfe* (*Michael Hawley* and *J. Byron O'Connell* of counsel), for appellant-respondent.

*James M. Brooks* (*Richard B. Meyer* of counsel), for respondent-appellant.

*Fischer, Hughes, Bessette & Edwards* (*Henry A. Fischer* of counsel), for William Pearsall, respondent.

*Thomas A. Robinson* for Leo Connick, respondent.

*Roche & Wolkenbreit, P. C.* (*Stuart C. Henderson* of counsel), for Mark T. Walsh, Jr., respondent.

## OPINION OF THE COURT

MAIN, J.

In 1980, plaintiff and defendant William Pearsall were police officers for defendant City of Plattsburgh who sat for a civil service examination for the position of police captain. Although Pearsall received the highest score on the examination and plaintiff was not included on the list of eligible candidates because he allegedly failed the examination, plaintiff was appointed temporary captain of the city's police department. Pearsall, represented by defendant Mark T. Walsh, Jr., then commenced a proceeding to annul plaintiff's appointment. In support of his petition, which was served on plaintiff on or about September 22, 1981, Pearsall submitted a written evaluation of plaintiff which was allegedly extracted from plaintiff's personnel record and which indicated that plaintiff's job performance was deficient. Special Term entered judgment in favor of Pearsall and nullified plaintiff's appointment.

Thereafter, on February 2, 1982, plaintiff filed a notice of claim against the city alleging that the city and its employees were negligent in failing to prevent the disclosure of plaintiff's personnel records to third parties. The instant action alleging five causes of action was then commenced. The first cause of action alleges that the city and Leo Connick, the city's chief of

police, were negligent in failing to maintain the confidentiality of plaintiff's personnel records. The second cause of action alleges that all defendants violated plaintiff's civil rights under the New York State Constitution by permitting the violation of section 50-a of the Civil Rights Law. The third cause of action alleges that all defendants violated plaintiff's civil rights under the United States Constitution, thereby creating a cause of action under section 1983 of title 42 of the United States Code. The fourth cause of action alleges prima facie tort against all defendants. The fifth cause of action alleges intentional infliction of emotional distress against all defendants. In response, answers were submitted by defendants, some of whom asserted affirmative defenses. The city further cross-claimed against the other defendants for contribution or indemnification.

Walsh thereafter moved for summary judgment dismissing the second, third, fourth and fifth causes of action as against him for failure to state a cause of action. The city cross-moved for summary judgment dismissing the entire complaint for failure to state a cause of action and further dismissing the first cause of action on the ground that plaintiff failed to serve a timely notice of claim. Special Term granted Walsh's motion and dismissed the second, third, fourth and fifth causes of action as against him. Special Term further granted the cross motion in part, dismissing the second, third, fourth and fifth causes of action as against the city and Connick, but denied the cross motion as to the first cause of action, finding that neither ground advanced warranted its dismissal. Special Term also dismissed, *sua sponte,* the cross claim by the city as against Walsh. From the order entered thereon on August 31, 1983, plaintiff and the city cross-appeal.

Pearsall also moved for summary judgment dismissing plaintiff's second, third, fourth and fifth causes of action as against him and the city's cross claim as against him. Special Term dismissed plaintiff's complaint as against Pearsall, but denied the motion to dismiss the city's cross claim against him. From the order entered thereon on November 3, 1983, plaintiff appeals.

Initially, we note that plaintiff does not challenge the dismissal of the fourth cause of action alleging prima facie tort against all defendants and, accordingly, we shall not address this matter. We do address the merits of the arguments concerning the remaining causes of action and begin with Special Term's dismissal of the cause of action alleging a violation of section 50-a of the Civil Rights Law, which statute provides, in

pertinent part: "1. All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof * * * shall be considered confidential and not subject to inspection or review without the express written consent of such police officer * * * except as may be mandated by lawful court order."

Special Term concluded that no private right of action was created under this statute and, thus, dismissed this cause of action. We agree.

No express right of action is provided in the statute for violations thereof, and whether a private right of action was intended to be created depends on several factors, which have only recently been enumerated by the Court of Appeals in *Burns Jackson Miller Summit & Spitzer v Lindner* (59 NY2d 314, 325). There can be no question that plaintiff, as a police officer, is " 'one of the class for whose especial benefit the statute was enacted' " (*id.,* quoting *Motyka v City of Amsterdam,* 15 NY2d 134, 139). Indeed, section 50-a was enacted to protect the confidentiality of personnel records of law enforcement officers (*People v Szychulda,* 57 NY2d 719, 720). Specifically, this statute was designed to limit access to said personnel records by criminal defense counsel, who used the contents of the records, including unsubstantiated and irrelevant complaints against officers, to embarrass officers during cross-examination (see *People v Morales,* 97 Misc 2d 733; Memorandum of Senator Padavan and Assemblyman De Salvio, and Memorandum of Division of Criminal Justice Services, Governor's Bill Jacket, L 1976, ch 413).

This factor alone, however, is insufficient to create a private right of action and consideration must also be given to the legislative history and, most importantly, to the consistency of allowing a private right of action with the purposes underlying the legislative scheme (*Burns Jackson Miller Summit & Spitzer v Lindner, supra*). In these regards, we first note that the legislative history is silent as to the Legislature's intention of creating a right of action for violations of this statute. What is most evident, however, is that causes of action for invasion of privacy in this State are quite narrowly defined. Indeed, there is no common-law cause of action for invasion of privacy, and statutory causes of action in this area are limited to those specifically established by sections 50 and 51 of the Civil Rights Law (see *Arrington v New York Times Co.,* 55 NY2d 433, 439-440, cert den 459 US 1146; see, also, *Cohen v Herbal Concepts,*

63 NY2d 379; *Shields v Gross,* 58 NY2d 338, 344; *Cohen v Hallmark Cards,* 45 NY2d 493, 497, n 2). Furthermore, as discussed above, the purpose behind enacting section 50-a of the Civil Rights Law was to limit access to personnel records in situations vastly different than that in this case. Thus, considering the limited scope of actions for invasion of privacy in this State and the objectives of section 50-a, we conclude that the Legislature did not intend to create a private right of action for violations of section 50-a of the Civil Rights Law. In the absence of an express or implied right of action under section 50-a, the second cause of action was properly dismissed.

Likewise, the first cause of action should be dismissed. Special Term failed to dismiss this cause of action, finding that a violation of a statute is generally recognized as evidence of negligence, thereby presenting an issue of fact as to whether the city and Connick were negligent in failing to maintain the confidentiality of plaintiff's personnel records. This cause of action, though framed to allege negligence, really alleges nothing more than permitting the violation of section 50-a of the Civil Rights Law, for which, as discussed above, there is no right of action. Accordingly, Special Term should have dismissed the first cause of action.*

■ The third cause of action was properly dismissed. Section 1983 of title 42 of the United States Code provides a right of action for those whose rights under the United States Constitution and Federal statutes were violated under color of State law, and does not create a cause of action for the violation of State law (see, e.g., *Sampley v Ruettgers,* 704 F2d 491, 494). The Federal right to privacy protects only the most personal and intimate matters, such as marriage, childbearing and sexual morality (see *De Lesline v State of New York,* 91 AD2d 785, 786, mot for lv to app den 58 NY2d 610), and the State statutory violation alleged simply does not fall within the scope of such protection. Accordingly, plaintiff cannot maintain a cause of action under section 1983 of title 42 of the United States Code.

■ Finally, we agree that the fifth cause of action was properly dismissed. To establish a cause of action for intentional infliction of emotional distress, the allegedly tortious conduct

---

\* Connick's precise status on this appeal is unclear. There is no notice of motion by him in the record, although Special Term, in its order, did enumerate him as a moving party on the city's cross motion. There also is no notice of appeal on his behalf in the record. Nonetheless, we recognize our authority to search the record and grant summary judgment to a nonmoving, nonappealing party (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). Thus, we can grant relief to Connick regardless of his status on this appeal.

must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Fischer v Maloney*, 43 NY2d 553, 557, quoting Restatement, Torts 2d, § 46, Comment *d*). The alleged tortious conduct in this case does not satisfy this threshold, especially in light of the fact that the Legislature failed to provide for a right of action for violations of section 50-a of the Civil Rights Law (cf. *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303). This disposition renders it unnecessary to consider the other arguments raised by the parties.

KANE, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order entered August 31, 1983 modified, on the law, without costs, by reversing so much thereof as denied the cross motion by defendants City of Plattsburgh and Leo Connick for summary judgment dismissing the first cause of action; summary judgment granted to said defendants and plaintiff's first cause of action dismissed; and, as so modified, affirmed.

Order entered November 3, 1983 modified, on the law, without costs, by reversing so much thereof as denied defendant William Pearsall's motion for summary judgment dismissing the cross claim of defendant City of Plattsburgh as against him; said cross claim dismissed as academic; and, as so modified, affirmed.