In the Matter of CAPITAL NEWSPAPERS DIVISION OF THE HEARST CORPORATION et al., Respondents, v T. GARRY BURNS, as Records Access Officer for the Albany City Police Department, et al., Respondents, and JAMES TUFFEY, Intervenor-Appellant.

Third Department, June 20, 1985

APPEARANCES OF COUNSEL

*Rowley, Forrest & O'Donnell, P. C.* (*Mark T. Walsh, Jr.,* of counsel), for intervenor-appellant.

*O'Connell & Aronowitz, P. C.* (*Salvatore D. Ferlazzo* and *Peter L. Danziger* of counsel), for Capital Newspapers Division of the Hearst Corporation and another, respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

A reporter for petitioner Capital Newspapers Division of the Hearst Corporation was allegedly given information that certain Albany City Police Officers were abusing their sick leave privileges. He sought to substantiate this information and requested certain records from the Albany City Police Department pursuant to the Freedom of Information Law (Public Officers Law art 6). The request was for "records which contain statistical or factual tabulations of data of number of days [and] dates absent from scheduled employment" for James Tuffey, a detective, during the month of January 1983. The request was granted and the reporter was informed that Tuffey took no sick leave during that month. The reporter then made the same request for the month of February 1983. The request was denied on the ground that disclosure of the information would constitute an unwarranted invasion of privacy (Public Officers Law § 87 [2] [b]). On administrative appeal, the denial was affirmed on the ground that the information was exempt from disclosure pursuant to Civil Rights Law § 50-a (1).

The reporter and the newspaper for which he worked commenced this CPLR article 78 proceeding seeking to compel the police department to release the information. Tuffey (hereinafter intervenor) moved to intervene as a respondent. Special Term granted the motion and examined the records in camera. Special Term then granted petitioners' application and ordered the records to be turned over as redacted by removing references

to other police officers. Intervenor took an appeal and this court granted his motion for a stay pending appeal. The city takes no position on the appeal.

■ Initially, the parties disagree over the appropriate standard of review. Public Officers Law § 89 (5) (d) provides for review of a denial of access by way of a CPLR article 78 proceeding. Further, the Legislature provided that a person claiming an exception to disclosure has, in all proceedings, the burden of proving entitlement to the exception (Public Officers Law § 89 [5] [e]). Thus, on the issue of whether a particular document is exempt from disclosure under the Freedom of Information Law, the oft-stated standard of review in CPLR article 78 proceedings, i.e., that the agency's determination will not be set aside unless arbitrary or capricious or without rational basis, is not applicable. Rather, the person resisting disclosure must prove entitlement to one of the exceptions (*Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 80; *Matter of Doolan v Board of Coop. Educ. Servs.*, 48 NY2d 341, 346). Further, since construction of the statutory exception from disclosure dealing with unwarranted invasion of privacy involves pure statutory reading and analysis, there is no basis to rely on any special expertise of the police department and thereby accord its statutory interpretation any particular deference (*see, Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). Indeed, such lack of expertise is demonstrated by the fact that the police department granted petitioners' request with regard to intervenor's January 1983 sick leave records, but later decided that disclosing his February 1983 sick leave records would be an unwarranted invasion of privacy.

■ In our view, Special Term properly found that granting petitioners' request would not constitute an unwarranted invasion of privacy. Since tax dollars are spent to pay public employees, the public has a right to know certain facts relating to such employment. This is not to say that public employees do not have a right of privacy. However, the acceptance of public employment carries with it a realization that certain facts relating to such employment must be public knowledge. This includes, for example, a public employee's name, public office address, title and salary (Public Officers Law § 87 [3] [b]). This disclosure has, on occasion, been extended to former employees (*Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys.*, 71 AD2d 250, *lv denied* 49 NY2d 701; *Matter of Gannett Co. v County of Monroe*, 59 AD2d 309, *affd* 45 NY2d 954). One of the most basic obligations of any employee is to appear for work when scheduled to do so. Concurrent with this is

the right of an employee to properly use sick leave available to him or her. In the instant case, intervenor had an obligation to report for work when scheduled along with a right to use sick leave in accordance with his collective bargaining agreement. The taxpayers have an interest in such use of sick leave for economic as well as safety reasons. Thus, it can hardly be said that disclosure of the dates in February 1983 when intervenor made use of sick leave would constitute an unwarranted invasion of privacy. Further, the motives of petitioners or the means by which they will report the information is not determinative since all records of government agencies are presumptively available for inspection without regard to the status, need, good faith or purpose of the applicant requesting access (*Matter of Scott, Sardano & Pomeranz v Records Access Officer*, 65 NY2d 294; *Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* pp 79-80).

Intervenor also argues that the information sought is exempt from disclosure pursuant to Civil Rights Law § 50-a (1), which provides in pertinent part: "All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency * * * shall be considered confidential and not subject to inspection or review without the express written consent of [a] police officer * * * except as may be mandated by lawful court order."

Special Term held that the information sought did not constitute a "personnel record" within the meaning of the statute. We agree with intervenor that the document sought is a personnel record. A tabulation of leave taken by an employee is the sort of document which is encompassed within the meaning of the term "personnel record". This is true despite the fact that, in this case, the city apparently kept sick leave tabulations of all officers on a single document in a general personnel file. Applicability of this statute cannot be determined simply on the basis of where the information is stored. Additionally, there was testimony at the hearing that, since the police officers had unlimited sick time, the amount of sick time used by an individual officer was a factor considered upon promotion decisions. Thus, the information sought is clearly within the ambit of Civil Rights Law § 50-a (1).

■ The statute does not make all personnel records of police officers exempt from disclosure. The statute was intended to apply to situations where a party to an underlying criminal or civil action is seeking documents in a police officer's personnel file, and was apparently designed to prevent "fishing expeditions" to find material to use in cross-examination (*see, Matter of*

*Gannett Co. v James,* 108 Misc 2d 862, *affd* 86 AD2d 744). If, upon in camera inspection, the Trial Judge finds that a document sought is "relevant and material in the action before him", he must make the relevant portions of the document available (Civil Rights Law § 50-a [3]). It is thus clear that, in enacting this statute, the Legislature did not intend to create a blanket exemption from disclosure for personnel records of police officers. Rather, the intent was to prevent time-consuming and perhaps vexatious investigation into irrelevant collateral matters in the context of a civil or criminal action. This narrow purpose is not served in cases such as the instant one where there is no actual or potential underlying action, but, rather, a simple request for information by the media which would otherwise be disclosable under the Freedom of Information Law. Therefore, the information sought was not exempt from disclosure pursuant to Civil Rights Law § 50-a.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment affirmed, without costs.