■ ERNEST SIMPSON et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants. WILSON LOWERY, Third-Party Plaintiff-Appellant-Respondent, v JAMES P. McMAHON et al., Third-Party Defendants-Respondents-Appellants. WILSON LOWERY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents-Appellants.—Order, Supreme Court, New York County (Greenfield, J.), entered April 5, 1984, denying third-party plaintiff Wilson Lowery's motion for partial summary judgment and denying third-party defendants' cross motions for summary judgment, unanimously modified, on the law, defendants' motions granted, and all claims brought by Lowery based upon alleged violations of Civil Rights Law § 50-a or 42 USC § 1983, asserted as either cross claims, third-party claims, or by way of separate action against defendants, are dismissed, and otherwise affirmed without costs.

Action No. 1 was commenced by Ernest and Brenda Simpson against Wilson Lowery, a former transit officer, and the New York City Transit Authority (NYCTA), among others. It was alleged that Lowery, while a member of the transit police force, shot and wounded Ernest Simpson with his service revolver. The incident occurred in an antique store partly owned by Lowery. During discovery, plaintiff sought production of certain documents relating to the shooting from the NYCTA. Lowery's counsel objected, maintaining that the documents were protected by Civil Rights Law § 50-a, which makes police personnel records confidential and requires either the written consent of the officer involved or a court order before any such records may be released to a third party. After Lowery's objections had been made known to the NYCTA during the course of pretrial proceedings, and while plaintiffs were in the process of making a formal motion to compel disclosure, the NYCTA produced the documents. Lowery subsequently asserted cross claims in action No. 1 and instituted a third-party action against certain NYCTA's attorneys. Action No. 2 asserted claims identical to those contained

in the cross claims in action No. 1 and the third-party action. These claims alleged violations of Civil Rights Law § 50-a and sought damages for invasion of Lowery's privacy. Violations of 42 USC § 1983, commonly known as the "Civil Rights Act" were also alleged.

Plaintiff moved for partial summary judgment on the issue of liability with respect to his State and Federal causes of action, and defendants cross-moved for dismissal of all claims. Special Term denied the motions, noting that the motion to compel disclosure had been submitted to a referee to determine whether the materials sought, and subsequently released, were "personnel records" within the purview of Civil Rights Law § 50-a, and that the factual issues raised thereby precluded summary disposition. We disagree.

New York does not recognize any common-law right to privacy. (*Arrington v New York Times Co.,* 55 NY2d 433; *Wojtowicz v Delacorte Press,* 43 NY2d 858.) Whatever protection is afforded a person's privacy comes solely by virtue of statute, specifically Civil Rights Law §§ 50 and 51. (*Delan v CBS, Inc.,* 91 AD2d 255.) These provisions prohibit the unauthorized use of a person's name, portrait or picture for advertising or trade purposes, circumstances which are clearly inapplicable here.

The legislative history of Civil Rights Law § 50-a indicates that it was enacted to curb abusive use of a police officer's personnel record in connection with such officer's appearance as a witness. Had the Legislature intended to create a private right of action for violations of section 50-a, it could have done so. However, no such remedy was provided and the failure of a legislative body to include a matter within the scope of an act may be construed as an indication that its exclusion was intended. (*Pajak v Pajak,* 56 NY2d 394.) Another argument favoring such a restrictive interpretation of section 50-a is the fact that the Legislature has consistently refused to enlarge the scope of relief available under sections 50 and 51. (*See, Arrington v New York Times Co., supra.*) Under similar circumstances, the Appellate Division, Third Department, held that "the Legislature did not intend to create a private right of action for violations of section 50-a of the Civil Rights Law." (*Carpenter v City of Plattsburgh,* 105 AD2d 295, 299.) In *Carpenter* the police officer had a stronger claim under section 50-a, since the objectionable disclosure came from his personnel file and consisted of test results of a promotion examination. Here the NYCTA released materials which arguably consisted of litigation file reports relating to the shooting.

Under the circumstances presented, we see no reason to disagree with the Third Department's reasoning in *Carpenter* and find that Lowery's allegations of Civil Rights Law § 50-a violations fail to state a cognizable cause of action.

Of less merit are Lowery's Federal claims. 42 USC § 1983 affords an aggrieved individual a civil remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution". Municipalities and other local governmental units are included among those "persons" to whom section 1983 applies. (*Monell v New York City Dept. of Social Servs.*, 436 US 658.) The deprivations upon which liability is predicated must, however, derive from a policy or custom of the municipality (*supra*). The requirement of proof of a policy or custom is "intended to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decisionmakers." (*Oklahoma City v Tuttle*, 471 US —, 105 S Ct 2427, 2435.) The court in *Oklahoma City v Tuttle* (*supra*), further held that proof of a "single incident" of objectionable conduct by a municipality is insufficient to establish the existence of a municipal "policy" for section 1983 purposes in the absence of any wrong which could be ascribed to municipal decisionmakers. Accordingly, plaintiff has failed to state a cause of action under 42 USC § 1983. Concur—Murphy, P. J., Fein, Milonas and Rosenberger, JJ.