■ In the Matter of PRISONERS' LEGAL SERVICES OF NEW YORK, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated January 23, 1986, which denied the petitioner's request under the Freedom of Information Law for access to certain documents, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Edelstein, J.), dated October 24, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, a State-funded legal services office, requested access to certain documents pertaining to inmate grievances and official disciplinary actions taken against a certain captain employed as a correction officer at Fishkill Correctional Facility. The respondent denied the request on the ground that the documents are exempt from disclosure under Public Officers Law § 87 (2) and Civil Rights Law § 50-a. The respondent denied the petitioner's request despite the recommendation of the Committee on Open Government which, in an advisory opinion, determined that the documents should be released.

We agree with the Supreme Court that the requested information is exempt under Civil Rights Law § 50-a. We would note that although the Committee on Open Government found otherwise, its opinion is merely advisory and "is neither binding upon the agency nor entitled to greater deference in an article 78 proceeding than is the construction of the agency" (Matter of John P. v Whalen, 54 NY2d 89, 96).

Civil Rights Law § 50-a (1) specifically exempts "[a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of * * * a department of correction of individuals employed as correction officers". The fact that the records in question may not have been physically placed in the officer's file is of no moment since the applicability of the statute cannot be determined simply on the basis of where the information is stored (Matter of Capital Newspapers v Burns, 109 AD2d 92, affd 67 NY2d 562). The grievance information and agency determinations requested are the sort of information considered to be part of an employee's personnel record and are clearly relied upon in evaluating the employee's performance (Matter of Gannett Co. v James, 86 AD2d 744, lv denied 56 NY2d 502).

The petitioner's contention that Civil Rights Law § 50-a only applies to requests relevant to underlying litigation and that there is no litigation pending in this matter is without merit. The petitioner's reliance on Matter of Capital Newspapers v Burns (supra, at 569), is misplaced. In Capital Newspapers, the Court of Appeals interpreted the intent of the Legislature in enacting Civil Rights Law § 50-a as " 'to prevent time-consuming and perhaps vexatious investigation into irrelevant collateral matters in the context of a civil or criminal action' " (at 569).

As stated by the Supreme Court in the instant action, "[t]he legislative purpose of section 50-a in protecting police or

correction officers from use of personnel records during litigation is as much at issue when the information is sought before a lawsuit is commenced as it is when it is sought during the life of the litigation * * * even though it appears that no litigation has as yet been commenced, the disclosure of information to a legal services agency cannot reasonably be said to be unrelated to potential litigation".

Since we find the material exempt under Civil Rights Law § 50-a, we do not reach the parties' remaining contentions. Lawrence, J. P., Rubin, Eiber and Harwood, JJ., concur.