■ POUGHKEEPSIE POLICE BENEVOLENT ASSOCIATION, INC., Appellant, v CITY OF POUGHKEEPSIE, Respondent.—In an action to enjoin the defendant from releasing to the public personnel information concerning police officers without their consent or a court order, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Benson, J.), dated August 14, 1990, which denied its motion for a preliminary injunction and granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Poughkeepsie Police Benevolent Association, Inc., had requested injunctive relief to enforce Civil Rights Law § 50-a, which limits access to personnel records of a police officer without a court order or the consent of the police officer. The plaintiff complained that the defendant City of Poughkeepsie released a summary of the internal investigations of instances of police misconduct, and therefore sought to enjoin the City from doing so in the future. Insofar as the statute seeks to prevent the use of police officers' personnel records to harass or embarrass them if they are called as witnesses in litigation *(Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs.,* 73 NY2d 26, 33), police officers are among the intended beneficiaries. However, the use of such information by a governmental entity, in furtherance of its official functions, is unrelated to the purpose of Civil Rights Law § 50-a. The Legislature has not created either an express or implied private right of action on the part of police officers for claimed violations of Civil Rights Law § 50-a *(see, Simpson v New York City Tr. Auth.,* 112 AD2d 89; *Carpenter v City of Plattsburgh,* 105 AD2d 295). Because injunctive relief is granted only to protect a legal right, the plaintiff was not entitled to such relief.

In light of the foregoing, we do not reach the parties'

remaining contentions. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.