■ RON REALE, as President of the Police Benevolent Association, et al., Respondents, v ALAN F. KIEPPER, as President of the New York City Transit Authority, et al., Appellants. [611 NYS2d 175] —Order of the Supreme Court, Kings County (Barry Hurowitz, J.), entered March 9, 1992, which granted respondents' motion for reargument and renewal and upon said reargument and renewal, adhered to its original decision which granted petitioners' motion for a preliminary injunction, enjoining the posting of disciplinary dispositions of Transit Authority Police Officers, is unanimously modified, on the law and facts, and upon the grant of reargument, the motion for a preliminary injunction is denied, without costs or disbursements.

In July, 1991, respondents indicated that they were either considering or had decided to publish the results of all disciplinary proceedings against New York City Transit Police Officers, Detectives, Sergeants, Lieutenants and/or Captains in the Transit Authority Police District Offices (precincts) in departmental bulletins disseminated only within the Transit Police Districts.

The IAS Court granted petitioners' motion for a preliminary injunction pending a conference to determine whether respondents were actually planning to implement the policy. It, thereafter, granted reargument but adhered to its original determination. Since the petitioners did not demonstrate the likelihood of ultimate success on the merits, irreparable injury absent the grant of such relief, or that the balance of equities favored their position, we find that the IAS Court abused its discretion in granting the preliminary injunction, and, we, therefore, modify the order appealed from accordingly.

Regardless of whether the proposed postings would violate the provisions of Civil Rights Law § 50-a, "[t]he Legislature

has not created either an express or implied private right of action on the part of police officers for claimed violations of Civil Rights Law § 50-a" *(Poughkeepsie Police Benevolent Assn. v City of Poughkeepsie,* 184 AD2d 501 [2d Dept 1992], citing *Simpson v New York City Tr. Auth.,* 112 AD2d 89, *affd* 66 NY2d 1010; *Carpenter v City of Plattsburgh,* 105 AD2d 295, *affd* 66 NY2d 791). Since injunctive relief is granted only to protect a legal right, petitioners, therefore, were not entitled to this relief based on a cause of action under this statute *(Poughkeepsie Police Benevolent Assn. v City of Poughkeepsie, supra,* at 501).

In any event, the proposed postings would not violate Civil Rights Law § 50-a. In pertinent part, section 50-a (1) provides that: "All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof * * * shall be considered confidential and not subject to inspection or review without the express written consent of such police officer * * * except as may be mandated by lawful court order."

The statute was not meant to create a blanket exemption for all personnel records *(Matter of Capital Newspapers v Burns,* 67 NY2d 562, 569). It "was designed to limit access to said personnel records by criminal defense counsel, who used the contents of the records, including unsubstantiated and irrelevant complaints against officers, to embarrass officers during cross-examination." *(Carpenter v City of Plattsburgh, supra,* at 298.) Thus, the Court of Appeals has held that "the legislative intent underlying the enactment of Civil Rights Law § 50-a was narrowly specific, 'to prevent time-consuming and perhaps vexatious investigation into irrelevant collateral matters in the context of a civil or criminal action' *(Matter of Capital Newspapers v Burns,* 109 AD2d 92, 96)" *(Matter of Capital Newspapers v Burns, supra,* at 569). Here, respondents propose to disclose the dispositions in a nonlitigation context and in furtherance of an official function. Such action is permissible *(Poughkeepsie Police Benevolent Assn. v City of Poughkeepsie, supra).*

In *Poughkeepsie,* defendant City released a summary of the internal investigations of instances of police misconduct. The plaintiff Poughkeepsie Police Benevolent Association's motion for injunctive relief prohibiting further disclosure was denied and the complaint dismissed. The Second Department affirmed, finding that "the use of such information by a governmental entity, in furtherance of its official functions, [was]

unrelated to the purpose of Civil Rights Law § 50-a." *(Supra,* at 501.) Other cases have held similarly *(Matter of Scaccia v New York State Div. of State Police,* 138 AD2d 50 [3d Dept]; *Matter of Powhida v City of Albany,* 147 AD2d 236 [3d Dept]).

Further, the postings would not violate the Personal Privacy Protection Law (PPPL; Public Officers Law § 91 *et seq.).* The PPPL prohibits disclosure of documents which would constitute an unwarranted invasion of personal privacy.

However, respondents, themselves, have chosen voluntarily to make such disclosure. Thus, the Court of Appeals has held that "while an agency is permitted to restrict access to those records falling within the statutory exemptions, the language of the exemption provision contains permissive rather than mandatory language, and it is within the agency's discretion to disclose such records * * * if it so chooses." *(Matter of Capital Newspapers v Burns, supra,* at 567.)

In addition, in *Matter of Spargo v New York State Commn. on Govt. Integrity* (140 AD2d 26, 30-31, *lv denied* 72 NY2d 809), the Third Department held that "only records in an indexed computer database or the like are protected by the PPPL" while "[i]n direct contrast, the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), enacted for the purpose of facilitating, not restricting, public access to government records [citation omitted] defines 'record' in a far broader and more traditional fashion". Accordingly, the PPPL is not applicable in the instant situation because the type of records sought to be protected by that statute are not implicated here.

However, even assuming this statute were applicable, Public Officers Law § 96 (1) (b) provides that such records *may* be disclosed to: "those officers and employees of, and to those who contract with, the agency that maintains the record if such disclosure is necessary to the performance of their official duties pursuant to a purpose of the agency required to be accomplished by statute or executive order or necessary to operate a program specifically authorized by law." Here the subject material will only be disclosed to departmental personnel in departmental bulletins, and the disclosure will be "necessary to the performance of their official duties pursuant to a purpose of the agency" *(see, Matter of Levine v Board of Educ.,* 186 AD2d 743, 745 [2d Dept], *lv denied* 81 NY2d 710 [Disclosure of information regarding teacher who was determined unfit to teach was "necessary for the internal functioning of the respondent in the performance of its duties".]). In

this regard, the postings would act to deter the officers from violating proper police procedure *(see also, Kooi v Chu,* 129 AD2d 393, 395-396 [3d Dept] [respondent Department of Taxation and Finance did not act unlawfully in disclosing to personnel of the State Tax Commission that certain Department employees had failed to timely file personal income tax returns. Public Officers Law § 96 permitted such disclosure since the discipline of nonfiling employees was necessary to effectuate the Department's function of collecting taxes and ensuring compliance with the tax laws]). Concur—Sullivan, J. P., Ellerin, Ross, Asch and Tom, JJ.