Frederick W. Turner, Esq. Informal Opinion Town Attorney No. 95-27 Town of Greenburgh 155 Tarrytown Road White Plains, N Y 10807
Dear Mr. Turner:
You have asked for an opinion concerning the application of Civil Rights Law § 50-a. You advised us that the police department has a longstanding policy of posting the results of disciplinary matters on a department bulletin board located in an area of police headquarters that is off limits to the public. You ask whether this policy violates Civil Rights Law § 50-a.
You state that the postings at issue are made for a period of up to thirty days following the adjudication. Your intent in posting the determinations is to deter the offending officer from further misconduct and generally to deter other members of the force from engaging in misconduct. You also note that posting the disciplinary determinations avoids morale problems that can result when personnel are not informed accurately of the outcome of disciplinary matters. We conclude that the practice you describe does not violate Civil Rights Law §50-a because it is not the type of disclosure the statute was intended to prohibit.
The statute provides:
 1. All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces of individuals defined as police officers in section 1.20 of the criminal procedure law and such personnel records under the control of a sheriff's department or a department of correction of individuals employed as correction officers and such personnel records under the control of a paid fire department or force of individuals employed as firefighters or firefighter/paramedics shall be considered confidential and not subject to inspection or review without the express written consent of such police officer, firefighter, firefighter/paramedic or correction officer except as may be mandated by lawful court order.
. . .
 4. The provisions of this section shall not apply to any district attorney or his assistants, the attorney general or his deputies or assistants, a county attorney or his deputies or assistants, a corporation counsel or his deputies or assistants, a town attorney or his deputies or assistants, a village attorney or his deputies or assistants, a grand jury, or any agency of government which requires the records described in subdivision one, in the furtherance of their official functions.
Legislative history reveals that unsubstantiated and irrelevant complaints contained in personnel records were often used by criminal defense counsel and other attorneys to embarrass officers on cross-examination or to harass them in other ways. The Legislature sought to curtail this practice when it enacted section 50-a. It was intended to limit counsel's use of the broad disclosure provisions of CPLR article 31 to obtain police officers' personnel records and use them to harass the officers or to attack their credibility in pending litigation. See,Matter of Capital Newspapers Division v Burns, 67 N.Y.2d 562 (1986).
In Matter of Prisoners' Legal Services v Department of CorrectionalServices, 73 N.Y.2d 26 (1988), the Court held that section 50-a barred disclosure under the Freedom of Information Law of inmate grievances against correction officers to the legal services firm representing the inmates. It reached that conclusion even though there was no pending litigation in which the requested records could be used to embarrass or harass the officers. The Court held that the records of inmate complaints were exactly the type of record the statute sought to protect and concluded that the protection applied even though no litigation actually had been commenced when the records were requested. It noted that records having no potential use in litigation or where the possibility of such use was remote, fell outside the statute's protection. 73 N.Y.2d at 32-33.
Similar analysis was employed in Reale v Kiepper, 204 A.D.2d 72 (1st Dept 1994), lv denied, 84 N.Y.2d 813 (1995). There, the court declined to enjoin publication of disciplinary determinations concerning New York City Transit Police officers in department bulletins distributed only within the department. The court first held that section 50-a does not create a private right of action for police officers, and that the officers, therefore, were not entitled to seek injunctive relief.204 A.D.2d at 72-73. The court went on to hold that, in any event, the proposed publication would not violate the statute. It concluded that the section was not intended to create a blanket exemption from any disclosure of any personnel record. Rather, it noted, the statute was meant to preclude a specific abuse of information from such records. Thus, the court held, disclosure of the disciplinary determinations in a nonlitigation context and in furtherance of the Transit Authority's official function would not violate the statute. 204 A.D.2d at 73-74. See also, Poughkeepsie PoliceBenevolent Association, Inc. v City of Poughkeepsie, 184 A.D.2d 501 (2d Dept 1992), in which the court declined to enjoin release of a summary of internal investigations of police misconduct because the purpose of the statute was not to bar use of the information by the department in furtherance of its official functions.
Under the rationale discussed above, the limited publication of disciplinary determinations within the police department would not violate the statute. The information is not made available to the public or to counsel for criminal defendants or other parties who could use it in litigation. The information is being disseminated in order to further the department's official function. Disclosure is limited to final determinations. Unsubstantiated complaints are not revealed.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General