■ In the Matter of JOHN DOE et al., Respondents, v CITY OF SCHENECTADY et al., Appellants. [923 NYS2d 241]—

Egan Jr., J. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered September 14, 2009 in Schenectady County, which, among other things, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, permanently enjoin respondents from conducting public disciplinary hearings.

In June 2007, respondent Wayne E. Bennett, the Public Safety

Commissioner for respondent City of Schenectady, advised the City Council of his intention to modify the City's police disciplinary process without regard to the collective bargaining agreement between the City and petitioner Schenectady Police Benevolent Association (hereinafter SPBA). In response, SPBA filed an improper practice charge against the City with the Public Employment Relations Board (hereinafter PERB). The City filed its own improper practice charge against SPBA with PERB, asserting, as is relevant here, that SPBA had impermissibly sought to negotiate disciplinary proceedings, which the City contended was a prohibited subject of collective bargaining. Then, in April 2008, Bennett issued a general order setting forth the new disciplinary proceedings policy providing, among other things, that such proceedings would in the future be governed by Second Class Cities Law § 137, under which Bennett would be the sole trier of fact and the formerly-confidential disciplinary hearings would be open to the public. Several months later, the SPBA filed an amended improper practice charge alleging that the parties' collective bargaining agreement governed disciplinary procedures and could not be unilaterally modified by respondents.[1]

While the City's and SPBA's charges were pending before PERB, petitioners James Roe and John Doe—police officers employed by the City's police department—were each served with a notice of discipline and advised that, pursuant to Second Class Cities Law § 137, the City would be conducting public hearings with respect to those disciplinary charges. Thereafter, Roe, Doe and the SPBA—on behalf of all its similarly-situated members—commenced the instant combined declaratory judgment action and proceeding pursuant to CPLR article 78 seeking, among other things, an order permanently enjoining respondents from conducting public hearings in connection with police disciplinary proceedings. The petition/complaint alleged two causes of action—first, that pursuant to Civil Rights Law § 50-a and Public Officers Law article 6-A, petitioners were entitled to declaratory relief in that police disciplinary hearings must be confidential and, second, that respondents' "unilateral use of public hearings . . . in connection with [police] disciplinary proceedings . . . [was] in excess of [respondents'] jurisdiction, illegal and contrary to law, in violation of lawful procedure and the [D]ue [P]rocess [C]lauses of the State and Federal Constitutions and [was] arbitrary, capricious and an abuse of

---

**1.** While this agreement had expired, by operation of law, it remained in effect until such time as a new agreement was entered into (*see* Civil Service Law § 209-a [1] [e]).

discretion.'' After petitioners sought, and were granted, a temporary restraining order, respondents cross-moved for dismissal of the petition/complaint, arguing that Supreme Court lacked subject matter jurisdiction, that SPBA lacked standing and that the petition/complaint failed to state a cause of action or a legally cognizable claim. Supreme Court denied respondents' cross motion and, finding that Civil Rights Law § 50-a superseded Second Class Cities Law § 137 and that the legislative intent of section 50-a would be thwarted by public disciplinary hearings, granted the petition/complaint and permanently enjoined respondents from conducting public police disciplinary hearings. Respondents now appeal.

We first address respondents' contention that Supreme Court erred in failing to grant its cross motion to dismiss the petition/complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]; 7804 [f]).[2] On such a motion, ''the allegations in the complaint are accepted as true and accorded the benefit of every possible favorable inference to determine if the facts, as alleged, fit within any cognizable legal theory'' (*Keehle v Diocese of Syracuse*, 80 AD3d 974, 974 [2011] [internal quotation marks and citation omitted]; *see Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d 949, 952 [2002]). ''[T]he dispositive inquiry is whether [petitioner] has a cause of action and not whether one has been stated'' (*IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1356 [2008], *lv denied* 11 NY3d 706 [2008]).

As an initial matter, we note that individual police officers possess no private right of action for claimed violations of Civil Rights Law § 50-a (*see Matter of 35 N.Y. City Police Officers v City of New York*, 34 AD3d 392, 394 [2006]; *Reale v Kiepper*, 204 AD2d 72, 72-73 [1994], *lv denied* 84 NY2d 813 [1995]; *Poughkeepsie Police Benevolent Assn. v City of Poughkeepsie*, 184 AD2d 501, 501 [1992]; *Carpenter v City of Plattsburgh*, 105 AD2d 295, 298 [1985], *affd* 66 NY2d 791 [1985]). ''Since injunctive relief is granted only to protect a legal right, petitioners, therefore, [are] not entitled to this relief based on a cause of action under [Civil Rights Law § 50-a],'' and for this reason alone the petition/complaint should have been dismissed to that extent (*Reale v Kiepper*, 204 AD2d at 73; *see Poughkeepsie Police Benevolent Assn. v City of Poughkeepsie*, 184 AD2d at 501).

In any event, petitioners' contention that Civil Rights Law § 50-a mandates that disciplinary hearings be closed to the public is belied by both the language of the statute and its legisla-

---

**2.** Respondents, in their reply brief, have conceded that Supreme Court has subject matter jurisdiction.

tive history. Section 50-a (1) provides, in pertinent part: "All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces of individuals defined as police officers in [CPL 1.20] . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order." Section 50-a created, for reasons that will be discussed below, an exemption from document disclosure that might otherwise occur under the Freedom of Information Law (*see* Public Officers Law art 6; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 567 [1986]). Nothing in section 50-a mentions the word disciplinary hearing, let alone requires that such hearings be held in private, and we discern no import from this omission other than the obvious—that the failure of the Legislature to include it within the statute is an indication that its exclusion was intended (*see Pajak v Pajak*, 56 NY2d 394, 397 [1982]; *Matter of Collins v Dukes Plumbing & Sewer Serv., Inc.*, 75 AD3d 697, 699-700 [2010], *lv granted* 15 NY3d 713 [2010]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes §§ 74 ["(T)he failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended"], 94 ["The legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction"]; *Bright Homes v Wright*, 8 NY2d 157, 162 [1960] ["Courts are not supposed to legislate under the guise of interpretation, and in the long run it is better to adhere closely to this principle and leave it to the Legislature to correct evils if any exist"]; *People v Olah*, 300 NY 96, 102 [1949] ["A statute must be construed and applied as it is written by the Legislature, not as some judges may believe it should have been written" (citation omitted)]; *Matter of Kittredge v Planning Bd. of Town of Liberty*, 57 AD3d 1336, 1339 [2008] ["In construing a statute, a court must attempt to harmonize all its provisions and to give meaning to all its parts, considered as a whole, in accord with legislative intent. Such intent and meaning is best determined from the plain language of the statutory text" (citations omitted)]).

The legislative history of Civil Rights Law § 50-a is similarly unavailing to petitioners' position. The "statute was intended to apply to situations where a party to an underlying criminal or civil action is seeking documents in a police officer's person-

nel file, and was apparently designed to prevent 'fishing expeditions' to find material to use in cross-examination" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 109 AD2d 92, 95 [1985], *affd* 67 NY2d 562 [1986] [citation omitted]; *see Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 154 [1999]; *Matter of Dunnigan v Waverly Police Dept.*, 279 AD2d 833, 834 [2001], *lv denied* 96 NY2d 710 [2001]; *Carpenter v City of Plattsburgh*, 105 AD2d at 298; Senate and Assembly Introducer Mem in Support, Bill Jacket, L 1976, ch 413; Mem of Div of Crim Justice Servs, Bill Jacket, L 1976, ch 413). The Court of Appeals has confirmed that "the legislative intent underlying the enactment of Civil Rights Law § 50-a was narrowly specific, to prevent time-consuming and perhaps vexatious investigation into irrelevant collateral matters in the context of a civil or criminal action" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 569 [internal quotations marks and citation omitted]). Significantly, none of the legislative history mentions the topic of disciplinary hearings.

Simply put, Civil Rights Law § 50-a neither speaks of, nor was intended to, prohibit public police disciplinary hearings. Whether these hearings should be conducted in public or private—and there are persuasive arguments both ways—is a policy decision for the Legislature, not the courts, to make. (*see People v Boothe*, 16 NY3d 195, 198 [2011]; *People v Finnegan*, 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995]; *Bright Homes v Wright*, 8 NY2d at 162; *People v Olah*, 300 NY at 102; *People v Reynolds*, 307 AD2d 391, 392 [2003], *lv denied* 1 NY3d 578 [2003]).

We are also unpersuaded that Public Officers Law § 89 (2) and § 96, both of which prevent an agency's disclosure of records constituting an unwarranted invasion of privacy, operate to bar publically held police disciplinary hearings (*see* Public Officers Law §§ 84, 86 [4]; § 92 [7], [9]; *see also* Governor's Approval Mem, Bill Jacket, L 1983, ch 652, at 11-12; Budget Rep on Bills, Bill Jacket, L 1983, ch 652, at 15-17). Indeed, the City of Schenectady already has the right to conduct public police disciplinary hearings under Second Class Cities Law § 137. Accordingly, in liberally construing the petition/complaint and affording petitioners the benefit of every favorable inference (*see Sawyer v Prusky*, 71 AD3d 1325, 1326 [2010]; *Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d at 952), we find that petitioners failed to state a cause of action or legally cognizable claim (*see* CPLR 3211 [a] [7]; 7804 [f]), and Supreme Court erred in denying respondents' cross motion for dismissal of the petition/complaint. Finally, we decline to divest PERB of

its exclusive jurisdiction over the improper practice charges, including whether police disciplinary matters are a prohibited subject of negotiations (*see* Civil Service Law § 205 [5] [d]; § 209-a [1], [2]; *Matter of Zuckerman v Board of Educ. of City School Dist. of City of N.Y.*, 44 NY2d 336, 342 [1978]; *Buffalo Police Benevolent Assn. v City of Buffalo*, 79 AD2d 186, 190 [1981]).

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, cross motion granted and petition/complaint dismissed.