OPINION OF THE COURT
Peters, P.J.
This appeal involves the ability of petitioner, a local educational agency (hereinafter LEA) {see 20 USC § 1401 [19] [A]; 34 CFR 300.28 [a]), to challenge a determination of respondent State Education Department, a state educational agency (hereinafter SEA) (see 20 USC § 1401 [32]; 34 CFR 300.41), that regulated and enforced petitioner’s compliance with the mandates of the Individuals with Disabilities Education Act (see 20 USC § 1400 et seq. [hereinafter IDEA]). The dispositive issue here is whether the IDEA grants petitioner a private right of action to challenge the State Education Department’s determination which, among other things, found that its dispute resolution practices relating to the provision of a free appropriate public education to students with disabilities violated state laws and regulations promulgated in accordance with the IDEA, and directed it to take certain corrective measures to bring its practices into conformance therewith.[1] We hold that the IDEA does not confer upon petitioner such a private right of action.
*21 To receive federal funding under the IDEA, the State Education Department is required to establish and maintain policies and procedures to ensure that students with disabilities receive, among other things, a free appropriate public education in the least restrictive environment and an individualized education program tailored to their unique needs, and that these students and their parents are afforded certain procedural safeguards (see 20 USC §§ 1412 [a] [1], [4], [5], [6] [A]; 1415; 34 CFR 300.100). In comparison, petitioner’s receipt of funding under the IDEA is conditioned upon its annual submission of “a plan that provides assurances to” the State Education Department that, in its provision of education to students with disabilities, it, among other things, complies with the policies and procedures that the State Education Department established pursuant to 20 USC § 1412 (20 USC § 1413 [a] [1]; see 34 CFR 300.200).
In 2012, exercising its authority to monitor and regulate petitioner’s compliance with its policies and procedures (see 20 USC §§ 1416 [a] [3]; 1412 [a] [6] [A]; 34 CFR 300.600), the State Education Department reviewed various student records, determined that petitioner’s dispute resolution practices violated federal and state law and directed petitioner to take certain corrective action. In response, petitioner commenced this CPLR article 78 proceeding challenging the determination on the basis that the State Education Department’s findings were unsupported by substantial evidence and premised on an erroneous construction of the IDEA. Supreme Court dismissed the petition on the merits, and petitioner now appeals.
Inasmuch as the IDEA does not expressly confer upon petitioner a private right of action to contest the State Education Department’s regulatory and enforcement actions (see Lake Washington Sch. Dist. No. 414 v Office of Supt. of Pub. Instruction, 634 F3d 1065, 1068 [9th Cir 2011]; Traverse Bay Area Intermediate Sch. Dist. v Michigan Dept. of Educ., 615 F3d 622, 627-628 [6th Cir 2010]; Lawrence Twp. Bd. of Educ. v New Jersey, 417 F3d 368, 371 [3d Cir 2005]; County of Westchester v New York, 286 F3d 150, 152 [2d Cir 2002]), we need only focus on whether congressional intent to create such a right may be implicitly discerned from the IDEA’S statutory and regulatory provisions (see Alexander v Sandoval, 532 US 275, 286-287 [2001]; Lopez v Jet Blue Airways, 662 F3d 593, 596 [2d Cir 2011]; see also Cruz v TD Bank, N.A., 22 NY3d 61, 70 [2013]). In determining whether an implied statutory right of action *22 exists, the principal inquiry is whether Congress intended to create the right, with additional consideration given to whether the federal statute was enacted for the benefit of a specialized class, whether recognition of a private right of action would promote the purposes of the statute and whether the right is one typically afforded to the states (see Transamerica Mortgage Advisors, Inc. v Lewis, 444 US 11, 23-24 [1979]; Cort v Ash, 422 US 66, 78 [1975]; Young v Robertshaw Controls Co., Uni-Line Div., 104 AD2d 84, 91 [1984] [Levine, J., dissenting in part and concurring in part]).
To begin, it is significant that Congress created procedural safeguards to ensure that students with disabilities receive a free appropriate public education and, in doing so, expressly granted a private right of action to “any party aggrieved” by an SEA’s administrative findings or decision resolving a due process complaint challenging “any matter relating to the identification, evaluation, or educational placement of [a particular] child, or the provision of a free appropriate public education to such child” (20 USC § 1415 [b] [6] [A]; [f], [g], [i] [2] [A]; see also Education Law § 4404; 8 NYCRR 200.5 [i], [j], [k], [l]).[2] Since the IDEA includes an express right of action in favor of a specific class of persons, it is logical to assume that, had Congress intended to bestow upon LEAs a right of action to challenge an SEA’s regulatory and enforcement actions, it would have expressly done so (see Traverse Bay Area Intermediate Sch. Dist. v Michigan Dept. of Educ., 615 F3d at 629-630; County of Westchester v New York, 286 F3d at 152; Matter of Doe v City of Schenectady, 84 AD3d 1455, 1458 [2011]).
Further evidence of a lack of congressional intent can be found in the hierarchal regulatory and enforcement structure created by the IDEA, which requires the federal Secretary of Education to monitor the states’ implementation of IDEA mandates and imposes upon the states corresponding regulatory and enforcement responsibilities over LEAs (see 20 USC §§ 1412 [a] [11]; 1416 [a] [3]; 34 CFR 300.600, 300.603). The delegation of regulatory and enforcement power to the Secretary of Education and the states, but not to LEAs, suggests that Congress specifically intended to deny LEAs a right of action to challenge an SEA’s compliance with the IDEA (see *23 Traverse Bay Area Intermediate Sch. Dist. v Michigan Dept. of Educ., 615 F3d at 630; cf. People v Grasso, 42 AD3d 126, 135 [2007], affd 11 NY3d 64 [2008]; Simpson v New York City Tr. Auth., 112 AD2d 89, 90 [1985], affd 66 NY2d 1010 [1985]). Moreover, it would be inconsistent for Congress to implicitly create this right of action, as doing so would divest the Secretary of Education and the states of their regulatory and enforcement authority and would transfer that power to the judiciary (see County of Westchester v New York, 286 F3d at 153; Conboy v AT & T Corp., 241 F3d 242, 253 [2d Cir 2001]; see also Hudes v Vytra Health Plans Long Is., 295 AD2d 788, 789-790 [2002], lv denied 99 NY2d 505 [2003]).
Upon the foregoing, we hold that Congress did not intend to grant petitioner a right of action to challenge the State Education Department’s enforcement of state laws and regulations promulgated under the IDEA. In light of our determination, respondents’ alternate argument for affirmance is academic.
Egan Jr., Rose and Lynch, JJ., concur.
Ordered that the judgment is affirmed, without costs.

. Contrary to petitioner’s contention, this issue was properly preserved for our review, as respondents raised the affirmative defense in their answer and accompanying memorandum of law (see CPLR 3211 [a] [7]; [e]; Butler v Catinella, 58 AD3d 145, 150-151 [2008]).

. Because petitioner challenged the State Education Department’s regulatory determination, rather than its administrative determination resolving a due process complaint involving a particular child’s education, petitioner is not a “party aggrieved” (20 USC § 1415 [b] [6] [A]; [i] [2] [A]).