286 F.3d 150
 COUNTY OF WESTCHESTER, County of Sullivan, New York State Association of Counties and Andrew J. Spano, in his capacity as County Executive of the County of Westchester and as a resident taxpayer of the County of Westchester, Plaintiffs-Appellants,
v.
The State of NEW YORK, New York State Board of Regents, New York State Education Department and Richard P. Mills, as Commissioner of the New York State Education Department, Defendants-Appellees.
 Docket No. 01-7523.
 United States Court of Appeals, Second Circuit.
 Argued March 6, 2002.
 Decided April 5, 2002.
 
 Linda Trentacoste, Senior Assistant County Attorney, White Plains, N.Y. (Charlene M. Indelicato, Westchester County Attorney, on the brief), for Plaintiff-Appellants County of Westchester and Spano.
 Thomas J. Cawley, Assistant County Attorney, Monticello, N.Y. (Ira J. Cohen, Sullivan County Attorney, on the brief), for Plaintiff-Appellant County of Sullivan.
 Stephen J. Acquario, General Counsel, New York State Association of Counties, Albany, NY, for Plaintiff-Appellant New York State Association of Counties.
 Andrea Oser, Assistant Solicitor General, Albany, N.Y. (Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock Deputy Solicitor General and Nancy A. Spiegel, Assistant Solicitor General, on the brief), for Defendants-Appellees.
 Before McLAUGHLIN, F.I. PARKER, POOLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants the County of Westchester, the County of Sullivan, the New York State Association of Counties and Andrew Spano, the Westchester County Executive (collectively, the "Counties") appeal from the judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., Chief Judge), dated March 26, 2001, dismissing in its entirety their complaint challenging aspects of New York State's statutory program for special education services for preschool-aged children that allegedly violate the Individuals with Disabilities Education Act, 20 U.S.C. ch. 33 (the "IDEA"). The district court dismissed their complaint based on its ruling that the IDEA does not provide the Counties with a private right of action to enforce the Act's substantive provisions against the State or its agencies.[1] The Counties appeal that ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 We assume familiarity with the IDEA, the facts alleged in the Counties' complaint, and the district court decision. The sole issue raised on appeal is whether Congress intended to create a private cause of action for intermediaries, such as the Counties in this case, to remedy a State's alleged failure to satisfy the conditions imposed by the IDEA on States that volunteer to participate in the federal program. We find that no such cause of action was created by Congress for substantially the same reasons as expressed by the district court.
 
 
 3
 "The question of the existence of a statutory cause of action is, of course, one of statutory construction." Touche Ross & Co. v. Redington, 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). In this case, the text of the IDEA contains no language that explicitly provides a private right of action for Counties to challenge the State's compliance with its provisions.[2] In Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court established a four-factor test to determine whether a federal statute creates an implied right of action: (1) whether the statute was enacted to benefit a special class; (2) whether the drafters intended to create a private right of action; (3) whether a private right of action would be consistent with the purposes of the statute; and (4) whether the cause of action is one not traditionally relegated to the states. Id. at 78, 95 S.Ct. 2080. The Court thereafter instructed that the second factor — Congressional intent — is "dispositive." Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 23-24, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353, 377-78, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982) ("Our cases subsequent to Cort v. Ash have plainly stated that our focus must be on the intent of Congress.... The key to the inquiry is the intent of the Legislature." (internal quotation marks and footnote omitted)); Touche Ross, 442 U.S. at 575-76, 99 S.Ct. 2479; see also McClellan v. Cablevision of Conn., Inc., 149 F.3d 161, 164 (2d Cir.1998) (explaining that the other factors are treated as proxies for Congressional intent). The burden of demonstrating Congressional intent rests with the Counties. Suter v. Artist M., 503 U.S. 347, 363-64, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992); see also New York City Envtl. Justice Alliance v. Giuliani, 214 F.3d 65, 73 (2d Cir.2000)("The person seeking a private remedy bears the burden of demonstrating that Congress intended to make one available.").
 
 
 4
 Since Congress expressly provided a private right of action in favor of certain groups, specifically, any party aggrieved by particular findings or a decision rendered under subsection 1415, see 20 U.S.C. § 1415(i)(2)(A), but did not expressly provide a private right of action in favor of a county, educational agency or any other entity seeking to challenge the lack of an interagency agreement required by § 1412(12), we find it extremely unlikely that Congress intended to do so. See Transamerica, 444 U.S. at 20, 100 S.Ct. 242 ("In view of these express provisions for enforcing the duties imposed ..., it is highly improbable that Congress absentmindedly forgot to mention an intended private action.") (internal quotation marks omitted); National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974)("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").
 
 
 5
 The fact that Congress delegated regulatory and enforcement authority to the Secretary of Education also weighs heavily against implying a private right of action. The Secretary is primarily responsible for the interpretation and implementation of the IDEA and has been granted regulatory and enforcement powers. See 20 U.S.C. § 1417 (delegating regulatory authority to Secretary); id. § 1416 (authorizing withholding of funds and reference to the Department of Justice for enforcement action); 34 C.F.R. §§ 300.580 to .587. As we recently stated in Conboy v. AT & T Corp., granting broad powers to a federal agency "would be inconsistent with [implying] a private right of action because private litigation tends to transfer regulatory interpretation and discretion from the agency to the courts." 241 F.3d 242, 253 (2d Cir.2001) (citation and internal quotation marks omitted).
 
 
 6
 We refuse to imply a private cause of action in the absence of clear congressional intent and in the face of an express allocation of enforcement authority to (1) those aggrieved in section 1415 proceedings and (2) the Secretary of Education. We simply cannot "confidently conclude" from the text and legislative history of the IDEA that Congress intended to create a private right of action in favor of Plaintiffs. Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 233 (3d Cir.1998). Therefore, we hold that the Counties failed to satisfy their burden of demonstrating that Congress intended to provide them with a private right of action to pursue their claims against the State. See Suter, 503 U.S. at 363-64, 112 S.Ct. 1360; New York City Envtl. Justice Alliance, 214 F.3d at 73.
 
 
 7
 For the reasons set forth above, the ruling of the district court is AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Specifically, the State of New York, New York State Board of Regents, New York State Education Department and Richard P. Mills, Commissioner of the New York State Education Department (the "State" or "State defendants")
 
 
 [2]
 We reject the Counties' argument that the section 1403, which abrogates state sovereign immunity in federal court, demonstrates Congress's intent to create a private right of action. The abrogation clause does no more than express Congress's intent to abrogate the States' immunity in actions or proceedings otherwise authorized by the IDEASee, e.g., 20 U.S.C. § 1415(i)(2)(A) (parties aggrieved by particular findings or a decision rendered under subsection 1415 may commence a judicial action); 20 U.S.C. § 1416 (Secretary of Education may seek appropriate enforcement action).