

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-8-2006

# James v. Heritage Valley Fed

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4903

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"James v. Heritage Valley Fed" (2006). *2006 Decisions.* Paper 468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-291                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4903
_____


TYRONE P. JAMES,

Appellant

v.

HERITAGE VALLEY FEDERAL CREDIT UNION; PRESIDENT, of the
Heritage Valley Federal Credit Union; JAMES E. GEE, Vice
President of Member Service; PA STATE ATTORNEY GENERAL; CITY OF YORK;
TODD KING, Patrolman; ABEL RIOS, Agent; JAMES MORGAN, Agent;
BRIAN WESTMORELAND, Agent; RAYMOND CRAUL, Detective; YORK CITY
POLICE DEPARTMENT; YORK COUNTY DRUG TASK FORCE;
SPRINGETTSBURY POLICE DEPARTMENT; WILLIAM GRAFF, York County
District Attorney's Office; CHARLES KUTZ; MARLYN L.
HOLTZAPPLE, Clerk of Court, Common Pleas Court, York County;
TIMOTHY K. AMES; JAMES DUNKELBERGER; E. JANE GEE
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No.04-cv-2630)
District Judge: Honorable Yvette Kane
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

August 3, 2006

BEFORE: BARRY, SMITH and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: September 8, 2006)

_____

OPINION

_____

PER CURIAM

Tyrone James appeals from a District Court order dismissing his complaint against numerous defendants who were involved, in some form, with his January 2001 arrest, detention, interrogation, and prosecution for state drug charges. This is his second attempt, aside from the challenges raised in his criminal proceedings, to seek monetary and injunctive relief for alleged violations of the Fourth, Eighth, and Fourteenth Amendments, as well as 42 U.S.C. §§ 1985, 1986 and 18 U.S.C. § 1691. He also alleged claims under the Bank Secrecy Act, 31 U.S.C. § 5318(g), and the Right to Financial Privacy Act, 12 U.S.C. 3402, et seq. For the following reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

The allegations on which James based his claims are familiar to the parties, and we will recount them only briefly. James held an account at the Heritage Valley Federal Credit Union in York, Pennsylvania. Ms. Gee, an employee, notified a York County Police Officer about suspicious activity relating to the account. The information was relayed to the Springettsbury Police. Not long after Ms. Gee's disclosure, an employee of a California Mail Boxes, Etc. called a California narcotics officer to report a suspicious package headed for a Mail Boxes, Etc. in York. After finding drugs in the package, the

2

narcotics officer notified Pennsylvania authorities. Pennsylvania police constructed a dummy package and asked Charles Kutz, owner of the York store, to place the package in James' box and report other suspicious activity. When James claimed the package, he was aggressively arrested. The police took James into custody, interrogated him, and allegedly harassed his family members.

In 2001, James filed his first civil rights complaint in the United States District Court for the Middle District of Pennsylvania, naming many of the defendants who are involved in this appeal. See James v. York County Police Dep't, No. 01-cv-01015 (M.D. Pa.). The District Court either dismissed the claims or found in favor of the defendants. We affirmed. See James v. York County Police Dep't, 160 Fed. Appx. 126 (3d Cir. 2005) ("James I"). While that case was pending in the District Court, James filed the instant action, expanding upon the parties sued and claims presented in his first proceeding. Adopting a Magistrate Judge's report and recommendation, the District Court granted the defendants' motions to dismiss.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will dismiss an appeal under § 1915(e)(2)(B)(i) when the appeal is completely lacking in legal or factual merit. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review over the grant of a motion to dismiss is plenary. See Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260

3

(3d Cir. 2006).  The District Court concluded that the claims against Kutz,[1] the York

County Drug Task Force, the City of York, the York City Police Department, the

Springettsbury Police Department, Detective Craul, and Agents Rios, Morgan, and

Westmoreland are res judicata.  We consider these rulings first.

## A.  Res Judicata

The doctrine of res judicata applies to claims where a "(1) a final judgment on the

merits in a prior suit involving; (2) the same parties or their privities; and (3) a

subsequent suit based on the same cause of action."  CoreStates Bank, N.A. v. Huls

America, Inc., 176 F.3d 187, 194 (3d Cir. 1999).  In his first suit, James claimed that the

York City Police Department and Agent Morgan violated the Fourth Amendment on the

grounds that "his rental mailbox was unlawfully searched and that he was unlawfully

seized."  James I, 160 Fed. Appx. at 133-34.  Here, James claimed that his mailbox was

unlawfully searched, but he also claimed that his financial records were unlawfully

searched and seized.[2]  These latter two claims involved different officers and different

times and locations.  They are not based upon the same cause of action as the mailbox

search.  Thus, the doctrine of res judicata is inapplicable.

Even with respect to James' first Fourth Amendment claim, we do not agree with

---

[1]  We agree with the District Court that Kutz is implicated in this suit only to the extent that the complaint alleges that he acted as defendant Morgan's agent.  Otherwise, he is not a state actor under 42 U.S.C. § 1983.

[2]  It appears that James has not realleged a violation of his rights with respect to his arrest.

the District Court that the all of parties are obviously in privity. Although the first and third prongs of the test are met, privity does not necessarily exist between different state subdivisions. See United States v. Dominguez, 359 F.3d 839, 843 (6th Cir. 2004); Froebel v. Meyer, 217 F.3d 928, 933-34 (7th Cir. 2000); United States v. Bonilla Romero, 836 F.2d 39, 43-44 (1st Cir. 1987). Privity also does not likely exist between a party sued in her official capacity and a party sued in her individual capacity. See, e.g., Andrews v. Daw, 201 F.3d 521, 524-26 (4th Cir. 2000) (explaining the distinction between defending one's self and acting as a representative of another). James fails to identify in his complaint whether he intended to sue the named defendants in their individual or official capacities.[3] Under such circumstances, "we . . . must interpret the pleading to ascertain what plaintiff should have stated specifically." Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir. 1988).

We decline to delve into this detailed analysis because James' Fourth Amendment claims relating to the search of his mailbox, financial information, and the seizure of his assets are collaterally estopped. Collateral estoppel, or issue preclusion, prevents a party who litigated an issue previously from rearguing that particular issue even if the other litigants were not party to the earlier proceeding. See Szehinskyj v. Atty. Gen. of the U.S., 432 F.3d 253, 255 (3d Cir. 2005). A finding in a prior criminal proceeding may

---

[3] He does allege in his objections to the Magistrate Judge's report and recommendation that the named defendants are sued in both their personal and official capacities.

5

estop an individual from litigating the same issue in a subsequent civil proceeding.  See

Emich Motors Corp. v. Gen. Motors Corp., 340 U.S. 558, 568-69 (1951).  We must give

the state court's judgment the same preclusive effect as would be given the judgment by a

court of that state.  See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81

(1984).  Under Pennsylvania law, the elements of collateral estoppel are:

> (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in question in a prior action.

 Walker v. Horn, 385 F.3d 321, 337 (3d Cir. 2004) (citations omitted).

James raised and argued in the trial court that the evidence should be suppressed

because the searches and seizures at issue presently were constitutionally invalid.  The

trial court ruled on the challenges and found no Fourth Amendment violations.  James

also was party to the litigation and was represented by counsel.  He also had the

opportunity to raise the issue on appeal, but failed to receive relief.  See Dixon v. Richer,

922 F.2d 1456, 1459 (10th Cir. 1991) (holding that the ability to appeal an adverse ruling

is indispensable to a finding that there existed a full opportunity to litigate the issue).

Accordingly, the issue of whether James' Fourth Amendment rights were violated is

precluded.

### B.  Claims Against Graff and Holtzapple

Next, James asserted a claim against District Attorney William Graff and Clerk of

6

Court Marlyn Holtzapple. The District Court correctly found that both Graff and Holtzapple are protected by absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (prosecutor); Smith v. Rosenbaum, 460 F.2d 1019, 1020 (3d Cir. 1972). No exceptions to the rule are applicable. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772 (3d Cir. 2000) (citations omitted).

C. Claims against Heritage Valley Federal Credit Union and its Employees

James also raised claims against the Heritage Valley Federal Credit Union, its President and Chairman, Ames and Dunkelberger respectively, and an employee, Jane Gee. To the extent James raises claims under § 1983, none of the defendants is a state actor. 42 U.S.C. § 1983. Also, James' claim under the Bank Secrecy Act, 31 U.S.C. § 5318, does not authorize a private cause of action against a financial institution or its employees. See Lawrence Twp. Bd. of Educ. v. New Jersey, 417 F.3d 368, 371 (3d Cir. 2005) (explaining that a private citizen may only enforce a federal law if Congress has created a private right of action). Even if a cause of action were provided, § 5138(g)(3) creates a safe-harbor provision precluding liability for actions in conformity with the statute. James' claim under the Right to Financial Privacy Act fails for similar reasons. The Act gives an account holder the right to challenge the disclosure of his financial records. 12 U.S.C. § 3410. However, the challenge procedures set forth in the section constitute the sole judicial remedy available for contesting disclosure pursuant to the chapter and do not include an allowance for monetary damages. § 1310(e), see also

7

Lawrence Tp., 417 F.3d at 371. Moreover, the chapter immunizes banks and their employees from suit for disclosing information relevant to the violation of a statute or regulation. 12 U.S.C. § 1303(c). The safe-harbor provision also requires the rejection of James' claims under the Freedom of Information Act, RICO, and the Uniform Commercial Code.

### D. Remaining Claims

We have reviewed James' remaining claims against Todd King, as well as his challenges under 42 U.S.C. § 1985 and 1986, 18 U.S.C. § 1962, and agree with the Magistrate Judge's analysis in the report and recommendation. However, we also construe James' complaint to allege an Eighth Amendment challenge to the civil asset forfeiture of $1,728. The Eighth Amendment prohibits forfeiture of property in an amount disproportionate to the crime. See United States v. Bajakajian, 524 U.S. 321, 335 (1998). In Bajakajian, a foreign national violated a financial reporting provision, which carried a maximum fine of $5,000, yet the government sought the forfeiture of over $350,000. Id. at 325-26. The Supreme Court held in part that a good starting point to assess proportionality would be the relationship between the permitted criminal sanction, i.e, the gravity of the offense, and the amount of forfeiture sought. Id. at 337-338. Here, James was convicted of two narcotics possession offenses under 35 Pa. Cons. Stat. Ann. § 730-113(a)(30). The crimes permit fines of up to $250,000, or more if the assets relating to the crime total more than the proscribed maximum. § 730-113(f)(1). James was found in possession of nearly ten pounds of marijuana and over two pounds of cocaine. A

8

forfeited amount of under $2,000 is certainly proportionate to the offense. The claim must fail.

In sum, because our review of the pertinent orders entered by the District Court and arguments raised on appeal reveals that the appeal lacks all legal merit, we will dismiss.