**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT, *Plaintiff-Appellant*, v. STATE OF CALIFORNIA DEPARTMENT OF EDUCATION, *Defendant-Appellee*. | No. 12-16665 D.C. No. 2:11-cv-02796-LKK-GGH |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

| | |
|---|---|
| YOLO COUNTY OFFICE OF EDUCATION, *Plaintiff-Appellant*, v. STATE OF CALIFORNIA DEPARTMENT OF EDUCATION, *Defendant-Appellee*. | No. 12-16818 D.C. No. 2:11-cv-03224-MCE-JFM OPINION |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted
October 9, 2014—San Francisco, California

Filed March 16, 2015

Before: William A. Fletcher and Paul J. Watford, Circuit
Judges, and Kevin Thomas Duffy, District Judge.[*]

Opinion by Judge Watford

## SUMMARY[**]

### Individuals with Disabilities Education Act

Affirming the dismissal of two lawsuits brought against the California Department of Education, the panel held that two local educational agencies, a school district and a county office of supervision, lacked a statutory right of action to seek declaratory and injunctive relief regarding alleged violations of certain procedural requirements of the Individuals with Disabilities Education Act and its implementing regulations regarding complaint resolution proceedings.

---

[*] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Kimberly A. Smith (argued), Roy A. Combs, Jan E. Tomsky, and Emily E. Sugrue, Fagen Friedman & Fulfrost, Oakland, California, for Plaintiff-Appellant Fairfield-Suisun Unified School District.

Kimberly A. Smith (argued), Roy A. Combs, Elizabeth B. Mori, and Christopher J. Fernandes, Fagen Friedman & Fulfrost, Oakland, California, for Plaintiff-Appellant Yolo County Office of Education.

Leonard Garfinkel (argued), Deputy General Counsel; Amy Bisson Holloway, General Counsel; and Edmundo Aguilar, Assistant General Counsel, California Department of Education, Sacramento, California, for Defendant-Appellee.

## OPINION

WATFORD, Circuit Judge:

The plaintiffs in these consolidated appeals are local educational agencies in California—one a school district, the other a county office of education. (For ease of reference, we will refer to both of them as school districts.) In separate, unrelated actions, they sued the California Department of Education in federal court. They allege that, in resolving disputes between parents and school districts, such as the disputes that led to these actions, the Department routinely violates certain procedural requirements imposed by the Individuals with Disabilities Education Act (IDEA) and its implementing regulations. The school districts seek a declaration that the challenged practices are unlawful and an

injunction forbidding their use in resolving future disputes. In both cases, the district courts dismissed the actions with prejudice on the ground that Congress did not grant school districts the right to sue state agencies for violating procedural requirements imposed by the IDEA.

The details underlying each lawsuit are not important for our purposes, so we provide just a brief description here. In both cases, the parents of a disabled student filed a complaint against the school district with the California Department of Education. The complaints charged the school districts with violating the IDEA by failing to provide appropriate services to the students in question. The parents pursued their complaints through what's known as a "complaint resolution proceeding," one of two dispute-resolution mechanisms States are required to maintain as a condition of receiving federal funds under the IDEA. 34 C.F.R. § 300.151(a). A complaint resolution proceeding may be initiated by parents to remedy a public agency's violation of any requirement imposed by certain provisions of the IDEA and its implementing regulations. § 300.153(b)(1). In California, complaint resolution proceedings are resolved by the Department of Education, which, after conducting an on-site investigation if necessary, must issue a written decision addressing each allegation in the complaint. § 300.152(a)(1), (5). Neither the IDEA nor the federal regulations implementing it specify whether a party dissatisfied with the outcome of a complaint resolution proceeding may obtain further review.

The other dispute-resolution mechanism required as a condition of funding—not involved here but relevant by way of background—is a "due process hearing." Either parents or school districts may initiate a due process hearing, but those

hearings are limited to "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). In California, due process hearings are conducted by the Office of Administrative Hearings, a state agency independent of the Department of Education. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1085, 1092 (9th Cir. 2012). A party dissatisfied with the outcome of a due process hearing may obtain further review by filing a civil action in state or federal court. 20 U.S.C. § 1415(i)(2)(A).

In both of the cases before us, the complaint resolution proceedings ended with the Department of Education issuing a written decision in the parents' favor. The school districts were dissatisfied not only with the outcome of the proceedings but also with some of the procedures the Department followed in resolving the underlying disputes—procedures that the school districts contend violate the IDEA and its implementing regulations. More specifically, in one of the two proceedings, the Department issued a decision in the parents' favor, then issued a decision in the school district's favor on reconsideration, and then, after reconsidering the matter a second time, issued a final decision in the parents' favor. The school district alleges that the Department's practice of allowing more than one reconsideration conflicts with state regulations implementing the IDEA. *See* Cal. Code Regs. tit. 5, § 4665. (We will assume for purposes of this opinion that the school district could, if given an opportunity, tie the violation of this state regulation to a violation of federal law.) The school district also alleges that the Department has a practice, which it followed here, of considering conduct outside the 1-year statute of limitations imposed by 34 C.F.R. § 300.153(c). In

the second proceeding, the school district contends the Department imposed the burden of proof on the school district when it should have been imposed on the parents, also allegedly in violation of the IDEA.

Rather than pursue whatever relief might have been available in state court, the school districts sued the California Department of Education in federal court. The school districts allege that the challenged procedural violations are standard practice and will be repeated in future complaint resolution proceedings unless the injunctive relief they seek is granted.[1]

A plaintiff suing in federal court must establish not only a source of subject matter jurisdiction, provided here by 20 U.S.C. § 1415(i)(3)(A), but also the existence of a right of action authorizing the court to grant the requested relief. Because the school districts are suing to enforce a federal statute—namely, the IDEA—they must show that the IDEA creates a right of action authorizing them to sue the Department of Education for the relief they seek. *See Lake Wash. Sch. Dist. No. 414 v. Office of Superintendent of Pub. Instruction*, 634 F.3d 1065, 1067–68 (9th Cir. 2011). The only provision of the IDEA that could conceivably do that is 20 U.S.C. § 1415(i)(2)(A), which provides as follows:

---

[1] For that reason, we disagree with the Department of Education's suggestion that the suits are moot, notwithstanding the fact that in one case the Department agreed not to enforce its decision, and in the other the school district has already complied with the Department's decision. The claims alleged by the school districts "fall within the 'capable of repetition, yet evading review' exception to the mootness doctrine." *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003); *see also Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1174–75 (9th Cir. 2009).

(2) Right to bring civil action

(A) In general

Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

The school districts concede that this provision does not grant them an express right of action to pursue the claims they have alleged. That concession is correct because these cases originated in complaint resolution proceedings, which are not proceedings under any of the subsections expressly mentioned in § 1415(i)(2)(A).

Lacking an express right of action under § 1415, the school districts ask us to glean from the terms of the statute an implied right of action. That request is foreclosed by our decision in *Lake Washington*. There, we confronted the same issue presented here: "whether the IDEA confers upon a school district the right to sue a state agency for its alleged noncompliance with IDEA procedures." 634 F.3d at 1067. In that case, a school district alleged that a state educational agency routinely failed to adjudicate due process hearings within the time limit set by 34 C.F.R. § 300.515(a)(1). After

first concluding that the school district's claim did not fall within the express right of action created by 20 U.S.C. § 1415(i)(2)(A), we held that the school district had no implied right of action either. *Lake Wash.*, 634 F.3d at 1068. We observed that the IDEA's procedural protections are "intended to safeguard the rights of disabled children and their parents," and that Congress has "excluded local educational agencies from enforcing state compliance with the IDEA's statutory provisions." *Id.* at 1069. We therefore joined several other circuits in holding that local educational agencies have "no express or implied private right of civil action under the IDEA to litigate any question aside from the issues raised in the complaint filed by the parents on behalf of their child." *Id.* That meant the school district in that case had no implied right of action "to challenge the State of Washington's compliance with the IDEA's procedural protections." *Id.*

Our holding in *Lake Washington* controls the outcome here, for the school districts in this case stand on even weaker footing than did their counterpart in *Lake Washington*. The IDEA provides school districts with an express right of action to obtain judicial review of decisions rendered in due process hearings (albeit one limited to contesting the issues raised in the parents' complaint). The case for recognizing an implied right of action to contest alleged procedural violations in connection with due process hearings is surely stronger than the case for doing so with respect to complaint resolution proceedings, since the IDEA makes no provision for judicial review of those proceedings at all. If school districts lack an implied right of action to challenge a State's non-compliance with the IDEA's procedural protections in the context of due process hearings, they also lack such an implied right of action in the context of complaint resolution proceedings.

Whether *parents* have an implied right of action to sue state educational agencies for violating the IDEA in the context of complaint resolution proceedings is a question we need not and do not decide.

**AFFIRMED.**