**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY GARMONG,<br><br>                Plaintiff-Appellant,<br><br>v.<br><br>COUNTY OF LYON; et al.,<br><br>                Defendants-Appellees. | No.   18-17282<br><br>D.C. No.<br>3:17-cv-00701-RCJ-CBC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 26, 2020[**]
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiff Gregory Garmong filed this action in district court, challenging

defendant Lyon County's approval of a special use permit for construction of a

cellular facility on land also used by the Smith Valley Fire Protection District

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("SVFPD"). The district court dismissed Garmong's complaint due to his failure to establish Article III standing to bring his claims but granted him leave to amend. Garmong filed a first amended complaint, and the district court again dismissed for lack of Article III standing. Defendants SVFPD and its Board of Directors President Michael Boudreau (together the "fee defendants") subsequently moved for attorney's fees, which the district court granted in part. Garmong argues that the district court's dismissal was error, and that in any event the district court abused its discretion in awarding attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review de novo the district court's dismissal of Garmong's complaint. *See Lake Wash. Sch. Dist. No. 414 v. Office of Superintendent of Pub. Instruction*, 634 F.3d 1065, 1067 (9th Cir. 2011). While the district court dismissed Garmong's complaint for lack of Article III standing, we may affirm on any basis fairly supported by the record. *Id.* We conclude that dismissal was appropriate.

Garmong alleged violations of due process (both substantive and procedural) and equal protection via 42 U.S.C. § 1983, as well as state-law claims. Garmong's substantive due process claim fails because he has not alleged an injury in fact. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868–69 (9th Cir. 2002)

2

(articulating the Article III standing requirements).  One of his alleged injuries—a constitutionally protected property interest in the denial of the permit—is not particularized. The others— future harm to his life and liberty and "stress and anxiety"—rest on a "highly attenuated chain of possibilities," including that firefighting and emergency medical services would be impaired, and that Garmong would ever need them.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). Even assuming that Garmong has Article III standing to bring his procedural due process cause of action, he failed to state a claim because his amended complaint does not plausibly allege that Lyon County's notice-and-hearing procedures were constitutionally inadequate.  *See Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998).

Again, even assuming Article III standing, Garmong's equal protection claim, premised on the idea that he was singled out by Lyon County, likewise fails because he did not allege that he was treated differently from others who were similarly situated.  *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (describing the "class of one" equal protection theory and its associated elements).  Garmong's claim alleging a scheme to deny his civil rights therefore fails for lack of any underlying constitutional violations.  As there are no federal claims remaining, we infer that the district court's dismissal included a refusal to

3

exercise supplemental jurisdiction over Garmong's state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)).

2. Garmong offers a smattering of arguments supporting his contention that the district court's award of attorney's fees was error. None is persuasive. We review for abuse of discretion an award of attorney's fees under 42 U.S.C. § 1988. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012). Section 1988 permits a court to award the "prevailing party" in a § 1983 case reasonable attorney's fees as part of costs. 42 U.S.C. § 1988(b). But the statute operates asymmetrically, and prevailing defendants may only receive attorney's fees when "the plaintiff's civil rights claim is frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (internal quotation marks omitted).

Contrary to Garmong's assertion, the district court had jurisdiction to award attorney's fees under this provision, even though it dismissed his case for lack of subject-matter jurisdiction. *See CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct.

1642, 1646, 1652 (2016) ("It would make little sense if Congress' policy of sparing defendants from the costs of *frivolous* litigation depended on the distinction between merits-based and non-merits-based frivolity." (internal quotation marks and citation omitted)); *see also Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007) (noting that "a court may award attorney['s] fees and costs even after dismissing for lack of jurisdiction"). Moreover, the fee defendants can be prevailing parties under § 1988, even if their favorable judgment was not based on the merits. *See CRST*, 136 S. Ct. at 1651; *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017). We further hold that the district court was not precluded from deciding that Garmong's claims were frivolous even though it had earlier given him leave to amend his initial complaint. *Cf. Pioneer Lumber Treating, Inc. v. Cox*, 5 F.3d 539, at *4 (9th Cir. 1993) (unpublished table decision) (upholding an imposition of sanctions under Federal Rule of Civil Procedure 11 where the district court ultimately concluded that the plaintiffs' complaint was frivolous but had earlier granted leave to amend).

We agree with the district court that Garmong's claims are frivolous. "A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195

5

(9th Cir. 2003) (internal quotation marks and ellipsis omitted). Here, the result was just that. Garmong either alleged only generalized, speculative injuries, or, even assuming he had Article III standing, failed to articulate or plausibly allege necessary elements of his constitutional claims.

Garmong also lists a number of other mistakes he contends the district court made in issuing its fee order. But the goal of fee-shifting "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). While we ensure that the district court provided "some indication or explanation of how [it] arrived at the amount of fees awarded," *Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 904 (9th Cir. 2005) (alteration in original), we nonetheless give "substantial deference" to the district court's determinations, *Fox*, 563 U.S. at 838. The district court's reduction of the fee defendants' requested hours was reasoned, and the record shows that Garmong's allegations regarding the adequacy of the fee motion and billing entries are baseless.

**AFFIRMED.** Costs are taxed against Garmong. *See* FED. R. APP. P. 39(a)(2).