**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1323
_____

IRVING COURTLEY JONES,

Appellant

v.

CAMDEN CITY BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:11-cv-02398)
District Judge: Honorable J. William Ditter, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2012
Before: CHAGARES, VANASKIE and BARRY, Judges

(Opinion filed: October 1, 2012)
_____

OPINION
_____

PER CURIAM

Irving Courtley Jones appeals from the order entered on January 24, 2012, which dismissed his complaint with prejudice. We will affirm.

I.

Jones was hired by the Camden County Board of Education (Board) as a per diem substitute teacher. He worked from September 2009, until he was terminated in March 2010, following an altercation with a student allegedly engaged in disruptive behavior. During the course of the altercation, a desk was overturned, landing on another student's foot. There were no injuries. Jones was suspended for conduct unbecoming a teacher and thereafter terminated.

Jones filed a claim with the Equal Employment Opportunity Commission (EEOC), alleging unlawful termination by the Board because of his race. Jones is of African-American descent; he asserted no additional facts in support of his claim, merely describing the incident that led to his termination. The EEOC dismissed Jones' complaint, reporting that it was unable to conclude a statutory violation had occurred, and notified Jones of his right to sue.

Thereafter, Jones commenced this action pro se, alleging race and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; age discrimination under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621-634; disability discrimination under the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12112-12117; and violation of the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq. The Board filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The District Court dismissed Jones' complaint, concluding that (1) Jones failed to set forth facts that would support a claim based on race, age, gender, or disability; (2)

2

Jones' claims of age, gender, and disability discrimination were barred for failure to exhaust his administrative remedies; (3) Jones did not have standing to litigate an IDEA claim; and (4) amendment of Jones' claims would be futile.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011). We must accept as true all of the factual allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

Jones does not present a cogent legal argument to this Court. It is well settled that if an appellant fails to comply with the requirements to set forth an issue raised on appeal and to present an argument in support of it, "the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1011 (3d Cir. 1991); Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirements). Accordingly, despite our liberal construction of Jones' brief, Haines v.

3

Kerner, 404 U.S. 519, 520 (1972), we conclude that he has waived consideration of the District Court's legal analysis.[1]

Absent waiver, we would affirm the District Court's analysis, supplemented in the following manner. The District Court correctly concluded that (1) Jones failed to set forth any facts that would support a claim of discrimination under Title VII, see Iqbal, 556 U.S. at 678; see also, e.g., Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (stating that a plaintiff must establish that he was "treated . . . less favorably than others [by his employer] because of a protected trait" and that the employer "had a discriminatory intent") (internal quotations omitted); (2) Jones failed to exhaust his administrative remedies for his age, gender, and disability discrimination claims, see Antol, 82 F.3d at 1295; see also supra note 1; (3) Jones did not have standing to litigate an IDEA claim, see, e.g., Lawrence Twp. Bd. of Educ. v. New Jersey, 417 F.3d 368, 371 (3d Cir. 2005) ("[The IDEA statutory] language strongly suggests that Congress intended to provide a private right of action only to disabled children and their parents."); and (4) because Jones made no attempt to remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend his

---

[1] There is one exception. Jones is critical of the District Court's reliance on Robinson v. Dalton, 107 F.3d 1018 (3d Cir. 1997), cited in support of its conclusion that Jones failed to exhaust his administrative remedies relevant to his age, gender, and disability discrimination claims. Although there are cases more on point than Robinson, we find no error in the District Court's conclusion. Jones did not pursue these claims before the EEOC first as he was required to do. Accordingly, the District Court properly dismissed these claims. See, e.g., Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (dismissing a gender discrimination claim where the plaintiff pursued only a disability

complaint would be futile, <u>see</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

discrimination claim before the EEOC).