CLD-148                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3764
_____

IRVING COURTLEY JONES,
                                                    Appellant

v.

CITY OF PHILADELPHIA FIRE DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-06916)
District Judge: Honorable J. William Ditter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 9, 2014

Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: January 13, 2014 )
_____

OPINION
_____

PER CURIAM

Irving Jones appeals pro se from the District Court's order granting the City of

Philadelphia's motion to dismiss.  For the following reasons, we will summarily affirm.

I.

Jones, a 57 year-old African American male, brought this action against the City of Philadelphia, alleging violations of Title VII, 42 U.S.C. § 2000 et seq.[1] Jones applied to be a firefighter with the City of Philadelphia Fire Department, passed the written examination, and was thereafter invited in for an interview. Despite his qualifications, which include prior civil service employment, a bachelor's degree, master's degrees in teaching and divinity, and a juris doctorate, he was not selected for employment. According to Jones, he received notice that his name was removed from the list of eligible candidates under § 10 of the Philadelphia Civil Service Regulations: Dismissed from prior employment for inefficiency, delinquency or misconduct. Jones believes that the City refused to hire him because of his age and race. To further bolster his claim, Jones alleged that he observed "hundreds of minority candidates" taking the examination, but only "twenty minority candidates reported to the training center."

The District Court dismissed Jones's original complaint for failure to state a claim, but gave him 30 days to amend. Jones subsequently filed an amended complaint, which the City moved to dismiss. In its motion to dismiss, the City explained that it had deemed Jones to be unqualified for a firefighter position under Philadelphia Civil Service Regulation Section 10, because he was terminated from past employment as a substitute teacher. The District Court granted the City's motion to dismiss, and this timely appeal followed.

II.

[1] Evidently, Jones received a right to sue letter from the EEOC in March 2013.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order dismissing Jones's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, the complaint needed to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm if the appeal does not present a substantial question, see I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To establish a *prima facie* case of employment discrimination for failure to hire on the basis of age and race, a plaintiff must show that: (1) he or she is a member of a protected class; (2) was qualified for the position; (3) was not hired; and (4) that, under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to his or hers to fill the position. See Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). But to survive a motion to dismiss, he merely needed to "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation and citations omitted).

As the District Court correctly concluded, Jones failed to put forth facts that would support the second element above. In his amended complaint, Jones alleged that he was qualified for a firefighter position because of his education and prior civil service experience, and because he passed the written examination. But he concedes in his

3

complaint that he had been terminated from past employment as a substitute teacher, which renders him not qualified under the relevant criteria outlined in § 10 of the Philadelphia Civil Service Regulations.

Moreover, Jones did not satisfy the fourth element. He stated merely that he observed "hundreds of minority candidates" taking the examination, but only "twenty minority candidates reported to the training center." This suggests nothing about the qualifications of the applicants or the age and racial makeup of those who were ultimately hired, and he alleges no facts otherwise suggesting discriminatory hiring practices.

For the reasons given, the District Court properly dismissed Jones's amended complaint. Accordingly, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R.; I.O.P. 10.6.