**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4661
_____

IRVING COURTLY JONES,

Appellant

v.

CITY OF PHILADELPHIA HOUSING DEPARTMENT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-04104)
District Judge:  Honorable J. William Ditter, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2014

Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: July 16, 2014)
_____

OPINION
_____

PER CURIAM

Irving Courtly Jones appeals from the District Court's order dismissing his

complaint.  We will affirm.

Jones alleges that he is an African-American male and 56 years of age.  He filed suit against the City of Philadelphia Housing Department (the "City") raising claims of race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of the Age Discrimination in Employment Act. Jones's claims are based on the City's decision not to hire him after he applied for the position of "Property Evaluator 1."  Jones concedes that he did not meet the listed requirement for the position of having one year of experience with a bank or mortgage company, but he contends that various aspects of his experience and education (including a law degree) should compensate and that the City discriminated against him in concluding otherwise.  On the City's Rule 12(b)(6) motion, the District Court dismissed Jones's complaint for failure to state a claim but granted him leave to amend.  Jones filed an amended complaint, which the City also moved to dismiss, and the District Court dismissed his amended complaint with prejudice.  Jones appeals.[1]

The District Court held that Jones's conclusory allegations fail to raise a plausible inference of discrimination, and we agree for the reasons explained more thoroughly by

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6).  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).  We will affirm if, leaving conclusory assertions aside, the well-pleaded factual allegations do not state a plausible claim for relief.  See id. at 177 (citing, inter alia, Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Jones raised additional claims in his amended complaint, including a claim that the City discriminated against him for his membership in the Communist Party, but he has waived those claims by not arguing them on appeal and, in any event, the District Court properly dismissed them for the reasons it explained.

the District Court.  The only relevant factual matter contained in Jones's amended complaint is that he applied for the position at issue but that the City did not hire him. Jones's assertions that the City's decision was the product of discrimination are wholly conclusory.[2]  Jones has raised no meaningful challenge to the District Court's conclusion to that effect on appeal, and he instead devotes the majority of his brief to repeating his conclusory assertions.

Jones does raise two arguments that we will briefly address, but they lack merit. First, Jones appears to take issue with the standard set forth in Iqbal by arguing that it "made the average poor person's case a frivolity and rendered the law useless below a certain economic level."  (Appellant's Br. at 10.)  We need not and do not address that attack on the merits of the Iqbal standard.  It is enough to say that we are not free to depart from it and that, as explained above, we agree with the District Court that Jones's amended complaint fails to satisfy it.  Second, Jones appears to suggest that the District Court should have considered his present claims together with the different claims he asserted in Jones v. City of Philadelphia Fire Department, E.D. Pa. Civ. No. 2-12-cv-06916.  We affirmed the dismissal of Jones's complaint in that case as well, see Jones, 549 F. App'x at 73, and the cases are otherwise unrelated.

_____

[2] Jones, who we again note alleges that he has a law degree, has filed other complaints premised on alleged discrimination that have suffered from similar deficiencies.  See, e.g., Jones v. City of Phila. Fire Dep't, 549 F. App'x 71, 73 (3d Cir. 2014) (affirming dismissal of discrimination complaint); Jones v. Camden City Bd. of Educ., 499 F. App'x

For these reasons, we will affirm the judgment of the District Court.

127, 129 (3d Cir. 2012) (same).